**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No.: |
| NABIL SALAM, | ) ) | |
| Defendant. | ) ) ) | **JURY TRIAL DEMANDED** |
| **Serve at: 5718 Minnesota Ave.** | ) | |
| **St. Louis, MO 63111** | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Scottsdale Insurance Company (hereinafter "Scottsdale"), by and through the undersigned counsel, pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332, and for its Complaint for Declaratory Judgment, states as follows:

1.      Plaintiff Scottsdale is a foreign corporation organized, incorporated and existing under the laws of the State of Arizona, with its principal place of business in Columbus, Ohio. Therefore, for purposes of this Complaint for Declaratory Judgment based on diversity of citizenship, Plaintiff Scottsdale is a citizen of Arizona and Ohio.

2.      Defendant, Nabil Salam (hereinafter "Defendant") was, at all relevant times, a resident and citizen of the State of Missouri.

3.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201, as Scottsdale is seeking a determination of its rights and obligations under a policy of insurance Scottsdale issued to Defendant.

1

4.      Jurisdiction also is proper in this Court pursuant to 28 U.S.C. § 1332, as the amount

in controversy in this matter is in excess of seventy-five thousand dollars ($75,000.00), exclusive

of interest and costs, and there is complete diversity of citizenship among the parties.

5.      On or about March 19, 2021, Defendant electronically signed and submitted an

application for insurance, a "Statement of No Loss," and a "Vacant Building Supplement" to

Scottsdale, thereby making application for a Commercial Insurance policy on the building located

at 4285 W. Dr. Martin Luther King Dr., Saint Louis, Missouri 63113.  (Ex. 1, Ins. App., March

19, 2021; Ex. 2, Stmt. of No Loss, March 19, 2021; Ex. 3, Vacant Build. Suppl., March 19, 2021).

6.      In applying for the Commercial Insurance policy, Defendant represented to

Scottsdale, in the "Building Improvements" section of the application that a building improvement

was made to the "wiring" in 2020.  (Ex. 1, Ins. App., p. 9).

7.       In applying for the Commercial Insurance policy, Defendant represented to

Scottsdale, in the "Building Improvements" section of the application that a building improvement

was made to the "roofing" in 2020.  (Ex. 1, Ins. App., p. 9).

8.      In applying for the Commercial Insurance policy, Defendant represented to

Scottsdale, in the "Building Improvements" section of the application that a building improvement

was made to the "plumbing" in 2020.  (Ex. 1, Ins. App., p. 9).

9.      In applying for the Commercial Insurance policy, Defendant represented to

Scottsdale, in the "Building Improvements" section of the application that a building improvement

was made to the "heating" in 2021.  (Ex. 1, Ins. App., p. 9).

10.     In applying for the Commercial Insurance policy, Defendant represented to

Scottsdale, in the "Statement of No Loss," that, at the time of the application, he was not aware of

any losses, accidents or circumstances that might give rise to a claim under the policy.  (Ex. 2, Stmt. of No Loss).

11.     In applying for the Commercial Insurance policy, Defendant represented to Scottsdale, in the "Vacant Building Supplement" that the building was being remodeled, the start date of renovations was December 25, 2020, and work was being performed by licensed contractors.  (Ex. 3, Vacant Build. Suppl.).

12.     Based on the information provided by Defendant in the aforementioned application for insurance, "Statement of No Loss," and "Vacant Building Supplement," including the representations referenced in Paragraphs 6, 7, 8, 9, 10 and 11 above, Scottsdale issued a policy of insurance to Defendant, having policy number CPS7330243, and a policy period of March 19, 2021 to March 19, 2022 (hereinafter "the Policy").  (Ex. 4, Ins. Policy).

13.     On April 7, 2021, the buildings located at 4285 W. Dr. Martin Luther King Dr., St. Louis, Missouri 63113 and 1510 Billups Ave., St. Louis, Missouri were damaged by fire.

14.     Defendant subsequently submitted a claim for insurance proceeds under the Policy.

15.     During its investigation of Defendant's claim, Scottsdale learned for the first time that at the time Defendant applied for the Policy, no work had been performed and no improvements had been made to the wiring of the building.

16.     During its investigation of Defendant's claim, Scottsdale learned for the first time that at the time Defendant applied for the Policy, no work had been performed and no improvements had been made to the roofing of the building.

17.     During its investigation of Defendant's claim, Scottsdale learned for the first time that at the time Defendant applied for the Policy, no work had been performed and no improvements had been made to the plumbing of the building.

18.     During its investigation of Defendant's claim, Scottsdale learned for the first time that at the time Defendant applied for the Policy, no work had been performed and no improvements had been made to the heating of the building.

19.     During its investigation of Defendant's claim, Scottsdale learned for the first time that at the time Defendant applied for the Policy, there was existing fire damage and/or collapse damage to the subject building(s).

20.     During its investigation of Defendant's claim, Scottsdale learned for the first time that at the time Defendant applied for the Policy, that the subject building(s) were not being remodeled.

21.     Defendant's representations referenced in Paragraphs 6, 7, 8, 9, 10 and 11 above were false.

22.     Defendant's representations referenced in Paragraphs 6, 7, 8, 9, 10 and 11 above were material to Scottsdale's underwriting decision to issue the Policy.

23.     Defendant's representations referenced in Paragraphs 6, 7, 8, 9, 10 and 11 above were material to Scottsdale's underwriting decision to issue the Policy because Scottsdale would have declined to issue the Policy or, at the very least, would have charged a different premium, if it had known (1) there had been no improvements to the building(s) wiring, roofing, plumbing, or heating in 2020 or 2021; (2) there was existing fire damage and/or collapse damage to the subject building(s); and (3) the subject building(s) were not being remodeled.

24.     As a result of Defendant's intentional concealment and misrepresentation of material facts in the application for insurance, the "Statement of No Loss," and the "Vacant Building Supplement," as referenced in Paragraphs 6, 7, 8, 9, 10 and 11 above, Scottsdale has rescinded the Policy and the Policy is void *ab initio* as a matter of law.

4

25.     Because the Policy has been rescinded and is void *ab initio*, Scottsdale is obligated to return the amount of premium paid by Defendant for the Policy.

26.     Scottsdale is returning the full premium to Defendant in the amount of $3,835.65.

27.     However, even if the Policy had been in force and effect on the date of loss, Defendant would be barred from recovery and would not be entitled to coverage under the Policy, as a result of his intentional concealment and misrepresentation of material facts in the application for insurance, the "Statement of No Loss," and the "Vacant Building Supplement," pursuant to the following condition contained in the Policy:

***
**COMMERCIAL INLAND MARINE CONDITIONS**
The following conditions apply in addition to the Common Policy Conditions and applicable Additional Conditions in Commercial Inland Marine Coverage Forms:
***
**GENERAL CONDITIONS**
**A.  Concealment, Misrepresentation Or Fraud**
This Coverage Part is void in any case of fraud, intentional concealment or misrepresentation of a material fact, by you or any other insured, any time, concerning:

1.  This Coverage Part;
2.  The Covered Property;
3.  Your interest in the Covered Property; or
4.  A claim under this Coverage Part.
***

(Ex. 4, Ins. Policy, p. 66).

28.     Moreover, even if the Policy had been in force and effect on the date of loss, Defendant would be barred from recovery and would not be entitled to coverage under the Policy because Scottsdale's claim investigation led to a reasonable belief and conclusion that Defendant intentionally set the fire and caused the loss and, as such, coverage for the claimed loss would be specifically excluded pursuant to the following exclusion contained in the Policy:

**BUILDERS RISK COVERAGE FORM**

5

***

**B. EXCLUSIONS**

***

2. We will not pay for loss or damage caused by or resulting from any of the following:

***

e.  Dishonest or criminal act (including theft) committed by:

    (1)    You, any of your partners, "employees" (including temporary employees and leased workers), officers, directors, trustees or authorized representatives;

    (2)    A manager or a member if you are a limited liability company; or

    (3)    Anyone else with an interest in the property, or their employees (including temporary employees and leased workers) or authorized representatives;

whether acting alone or in collusion with each other or with any other party.

This exclusion applies whether or not an act occurs during your normal hours of operation.

This exclusion does not apply to acts of destruction by your "employees" (including temporary employees and leased workers) or authorized representatives; but theft by your "employees" (including temporary employees and leased workers) or authorized representatives is not covered.

***

(Ex. 4, Ins. Policy, pp. 68, 75, 77).

    29.    In addition, even if the Policy had been in force and effect on the date of loss, Defendant would be barred from recovery and would not be entitled to coverage under the Policy for the fire loss and any alleged damages resulting from same, which occurred at the separate building with an address of 1510 Billups Ave., St. Louis, Missouri because the Commercial Insurance Application lists the premises to be insured as "4285 W. Dr. Martin Luther King Drive, St. Louis, Missouri 63113" and the Policy's "Schedule of Locations" only lists the building located at "4285 W. Dr. Martin Luther King Drive, St. Louis, Missouri 63113." (Ex. 1, Ins. App.; Ex. 2, Stmt. of No Loss; Ex. 3, Vacant Build. Suppl.; Ex. 4, Ins. Policy).

6

30.     Neither the Policy, nor any of the application documentation, reference a building with an address of 1510 Billups Ave., St. Louis, Missouri.  (Ex. 1, Ins. App.; Ex. 2, Stmt. of No Loss; Ex. 3, Vacant Build. Suppl.; Ex. 4, Ins. Policy).

31.     Therefore, even if the Policy had been in force and effect on the date of loss, Defendant would be barred from recovery and would not be entitled to coverage under the Policy for the fire loss and any alleged damages at the separate building with an address of 1510 Billups Ave., St. Louis, Missouri because said building is not listed or scheduled as an insured location, the building is not referenced in the Policy, the building is not referenced in any of the application documentation and, as such, said building is not an insured premise or location.

32.     There exists an actual case or controversy of a justiciable nature between Scottsdale and Defendant concerning the rights and obligations of each party with respect to the Policy and under the laws.

33.     Scottsdale is specifically preserving any and all rights and defenses it has or may have, including additional rights and defenses that may become apparent throughout the course of discovery in this case.

34.     Scottsdale has sustained damages as a result of Defendant's intentional concealment and misrepresentation of material facts in the application for insurance, the "Statement of No Loss," and the "Vacant Building Supplement," in that Scottsdale has incurred the expenses of a prolonged claim investigation, including attorneys' fees, and said costs and expenses are continuing to accrue.

WHEREFORE Plaintiff, Scottsdale Insurance Company prays this Court enter judgment in its favor and against Defendant, declaring:

   A.  That the Policy is void *ab initio*;

B.  That Defendant is not entitled to any coverage under the Policy;

C.  That Plaintiff Scottsdale is not in any manner liable to Defendant for the April 7, 2021 fire loss;

D.  That Defendant intentionally concealed and misrepresented material facts and circumstances in applying for the Policy, as pled hereinabove;

E.  That Defendant intentionally concealed and misrepresented material facts and circumstances during the course of Scottsdale's claim investigation;

F.  That Defendant intentionally caused the fire loss by setting the fire, or conspired to cause the fire loss by intentionally setting the fire at issue by directing someone to set the fire on his behalf;

G.  That Plaintiff Scottsdale is entitled to recover all of its costs and expenses, including attorney's fees;

H.  That Scottsdale is entitled to recover any such other and further relief as this Court deems just and proper under the circumstances.

**BROWN & JAMES, P.C.**

*/s/ Robert L. Brady*
Robert L. Brady, #47522MO
rbrady@bjpc.com
Alexa L. Ackermann, #68974MO
aackermann@bjpc.com
800 Market Street, Suite 1100
St. Louis, MO  63101
(314) 421-3400 – Phone
(314) 421-3128 – Fax
***Attorneys for Plaintiff***

8